Zou v. Sessions

BIA
Christensen, IJ
A205 443 068

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 26th day of April, two thousand seventeen.

PRESENT:
> DENNIS JACOBS,
> GERARD E. LYNCH,
> RAYMOND J. LOHIER, JR.,
> *Circuit Judges.*

_____

ZHEN MIN ZOU,
> *Petitioner,*

> v.                                              15-3736
>                                                 NAC

JEFFERSON B. SESSIONS III, UNITED
STATES ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:      James A. Lombardi, Law Office of James A. Lombardi, P.C., New York, N.Y.

FOR RESPONDENT:      Benjamin C. Mizer, Principal Deputy Assistant Attorney General; Shelley R. Goad, Assistant Director; Russell J.E. Verby, Senior Litigation Counsel,

Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Zhen Min Zou, a native and citizen of China, seeks review of a November 6, 2015, decision of the BIA affirming a March 4, 2014, decision of an Immigration Judge ("IJ") denying Zou's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Zhen Min Zou,* No. A205 443 068 (B.I.A. Nov. 6, 2015), *aff'g* No. A205 443 068 (Immig. Ct. N.Y. City Mar. 4, 2014). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We have reviewed the decisions of both the IJ and the BIA. *Yun-Zui Guan v. Gonzales*, 432 F.3d 391, 394 (2d Cir. 2005). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 165-66 (2d Cir. 2008).

The governing REAL ID Act credibility standard provides that the agency must "[c]onsider[] the totality of the

2

circumstances," and may base an adverse credibility finding on an applicant's "demeanor, candor, or responsiveness," the plausibility of his account, and inconsistencies in his or his witness's statements, "without regard to whether" they go "to the heart of the applicant's claim." 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 163-64. "[E]ven where an IJ relies on discrepancies or lacunae that, if taken separately, concern matters collateral or ancillary to the claim, the cumulative effect may nevertheless be deemed consequential by the fact-finder." *Tu Lin v. Gonzales*, 446 F.3d 395, 402 (2d Cir. 2006) (internal quotation marks and citation omitted). "We defer . . . to an IJ's credibility determination unless . . . it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin*, 534 F.3d at 167. Further, "[a] petitioner must do more than offer a plausible explanation for his inconsistent statements to secure relief; he must demonstrate that a reasonable fact-finder would be *compelled* to credit his testimony." *Majidi v. Gonzales*, 430 F.3d 77, 80 (2d Cir. 2005) (internal quotation marks omitted). For the reasons that follow, we conclude that substantial evidence supports the agency's adverse credibility determination.

3

First, the agency reasonably relied on an inconsistency between Zou's testimony and his church's letter concerning how often he attended church in the United States. *See Xiu Xia Lin*, 534 F.3d at 163-64; *Tu Lin*, 446 F.3d at 402. Zou testified that he had attended church every week since February 2012; however, the letter that Zou provided from his church stated that he had attended church 21 to 25 times between May 2012 and April 2013. When confronted with this discrepancy, Zou responded that his church's "annual obligations" only required him to attend more than 25 times; he then explained that he had testified that he attended weekly because he was "too nervous" and did not understand the question. The agency was not compelled to accept these explanations. *See Majidi*, 430 F.3d at 80.

Second, the agency reasonably relied on Zou's inconsistent testimony about how he found his U.S. church. *See Xiu Xia Lin*, 534 F.3d at 163-64; *Tu Lin*, 446 F.3d at 402. Zou testified that he found the church himself; however, he later testified that a friend introduced him to the church after he was unable to find one on his own. When confronted with this discrepancy, Zou stated that he had misspoken earlier because he was nervous. The agency was not compelled to accept this explanation, and the IJ reasonably questioned why Zou had not submitted a

4

supporting letter from his friend, who resided in the United States and had also purportedly attended Zou's underground church in China. *See Majidi*, 430 F.3d at 80; *Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007) (An applicant's failure to corroborate testimony may bear on credibility, either because the absence of particular evidence is viewed as suspicious, or "because the absence of corroboration in general makes an applicant unable to rehabilitate testimony that has already been called into question.").

Third, the agency reasonably relied on extensive inconsistencies between Zou's testimony and that of his U.S. church witness, Chen, about their church attendance together. *See Xiu Xia Lin*, 534 F.3d at 163-64; *Tu Lin*, 446 F.3d at 402. First, Zou testified that he never attended the meals after the sermons and, specifically, that he had never attended a meal with Chen. However, Chen testified that Zou had joined her at the meals multiple times. Second, Zou testified that he attended church for the first time on a Tuesday but Chen testified that there are no services on Tuesdays. Third, Zou testified that he last attended church with Chen the Sunday before the hearing at 10:45am and that he had seen Chen at church on a Monday one week before the hearing. However, Chen

5

testified that she has only attended 9:00am Sunday services for the past month due to her health. In response to these inconsistencies, Zou argues that the inconsistencies arising from Chen's testimony should not have affected his credibility because Chen is 80 years old. However, as the agency observed, it was Zou's decision to offer Chen as a witness, and he "offered no evidence suggesting that her memory or other physical condition accounts for their entirely discrepant testimony." The agency therefore did not err in rejecting Zou's explanation for these inconsistencies. *See Majidi*, 430 F.3d at 80.

Lastly, the IJ reasonably found that Zou's corroborating evidence did not rehabilitate his credibility because his letters were from witnesses unavailable for cross-examination and his remaining documentation from China was unauthenticated by any means. *See In re H-L-H- & Z-Y-Z-*, 25 I. & N. Dec. 209, 215 (B.I.A. 2010) (finding that unsworn letters from alien's friends and family were insufficient to provide substantial support for alien's claims because authors were interested witnesses not subject to cross-examination), *overruled on other grounds by Hui Lin Huang v. Holder*, 677 F.3d 130, 133-38 (2d Cir. 2012); *see also Qin Wen Zheng v. Gonzales*, 500 F.3d 143, 148 (2d Cir. 2007). Zou does not challenge this finding in his

brief, and so it stands as an appropriate basis for the adverse credibility determination.

Zou argues that the adverse credibility determination cannot be supported by a totality of the circumstances because his testimony was consistent with his application and documentary evidence regarding the events that occurred in China. However, it is appropriate for the IJ to make a negative credibility determination based on inconsistencies "without regard to whether" they go "to the heart of the applicant's claim." 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 163-64. And an IJ may "rel[y] on discrepancies or lacunae that, if taken separately, concern matters collateral or ancillary to the claim" if their "cumulative effect . . . is deemed consequential." *Tu Lin*, 446 F.3d at 402. Here, the IJ reasonably concluded that "[w]hile the discrepancies . . . concern [Zou's] practice of Christianity in the United States, given the amount of those discrepancies, the Court finds not credible the entirety of [Zou's] asylum application." *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 165-66; *Tu Lin*, 446 F.3d at 402. A reasonable adjudicator would not be compelled to conclude otherwise. *See Xiu Xia Lin*, 534 F.3d at 167. The credibility finding is

dispositive of asylum, withholding of removal, and CAT relief because all three claims are based on the same factual predicate. *See Paul v. Gonzales*, 444 F.3d 148, 156-57 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED.

                                    FOR THE COURT:
                                    Catherine O'Hagan Wolfe, Clerk